UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GENEVIEVE M. PAUSER,

        Petitioner,

    v.                                                      Case No. 05-C-0816

ANA BOATWRIGHT,

        Respondent.

_____

O R D E R

Petitioner Genevieve M. Pauser ("Pauser") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a January 15, 2002 judgment convicting her as a party to first-degree intentional homicide, armed burglary, and armed robbery. The court will review Pauser's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.

1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has exhausted available state remedies, avoided procedural default and statute of limitations bars, and set forth cognizable constitutional or federal law claims.

Pauser pled not guilty and was convicted following a jury trial in which she testified. Pauser appealed the judgment of conviction on the following grounds: 1) insufficiency of the evidence on the first-degree intentional homicide count; 2) erroneous instruction on the first-degree intentional homicide count; and 3) the trial court erred by precluding a defense witness from testifying. The Wisconsin Court of Appeals affirmed the judgment, and the Wisconsin Supreme Court denied a petition for review on August 2, 2004.

On July 29, 2005, Pauser filed federal petition for a writ of habeas corpus raising the same three issues that she raised in state court. The petitioner appears to have avoided procedural default and statute of limitations bars to her federal habeas petition. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will direct the respondent to file an answer to the claims in the petition.

The petitioner is advised that she must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent

to Assistant Attorney General Sally Wellman at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

IT IS ORDERED that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2005.

BY THE COURT:

s/J. P. Stadtmueller
J.P. Stadtmueller
U.S. District Judge